```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| BAKEER ALLEN | : | CIVIL ACTION |
| v. | : | |
| CITY OF PHILADELPHIA, et al. | : | NO. 19-1066 |

                           MEMORANDUM

Bartle, J.                                    January 10, 2020

      Bakeer Allen commenced this civil rights action against the City of Philadelphia, Philadelphia Detective Michael Rocks, Police Officer Sergeant Nicholas Morris, and Police Officers Anthony Mirabella, III, Brad McCabe, Milor Cecle, Jr., Drew Rice, and Joseph Mears (the "defendants") in connection with Allen's arrest and prosecution for possessing marijuana and a firearm as a felon.  Allen brings claims for false arrest, excessive force, false imprisonment, malicious prosecution, and civil conspiracy under 42 U.S.C. § 1983[1] and under Pennsylvania law.[2]  Before the court are the cross-motions

---

1.  Section 1983 provides a cause of action against state actors for the violation of a party's civil rights.  See 42 U.S.C. § 1983.  While Allen alleges civil conspiracy under § 1983, it is 42 U.S.C. § 1985, not § 1983, that provides a cause of action against those who conspire to violate one's civil rights.  See 42 U.S.C. § 1985. We will deem Allen to have pleaded the proper statute as no prejudice to the defendants has occurred.

2.  It is not clear from the complaint what claims Allen sets out against each defendant and under what law.  However, Allen characterizes his claims in response to the summary judgment

of the parties for summary judgment on all claims under Rule 56 of the Federal Rules of Civil Procedure.[3]

I

Summary judgment is appropriate under Rule 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A dispute is genuine if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986). We view the facts and draw all inferences in favor of the nonmoving party. See In re Flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004).

Summary judgment is granted where there is insufficient record evidence for a reasonable factfinder to find for the nonmovant. See Anderson, 477 U.S. at 252. "The mere existence of a scintilla of evidence in support of the [nonmoving party]'s position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." Id. In addition, Rule 56(e)(2) provides "[i]f a party fails to properly support an

---

motions of the defendants. He denominates the same causes of action under both § 1983 and Pennsylvania law.

3. Allen stipulated to dismiss his civil conspiracy claims against officer Cecle.

assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for the purposes of the motion." Fed. R. Civ. P. 56(e)(2).

II

The following facts are undisputed.  On Friday, February 24, 2017, an anonymous 911 caller reported that a group of men were shooting dice in front of a Chinese restaurant at the intersection of 25th and Harlan Streets in Philadelphia.  The caller reported that the men were armed but did not provide an identifying description.  Shortly after, police in the area received a radio call which reported a group of men shooting dice in front of the Chinse restaurant.  The dispatcher reported the possibility that some of the men were armed but that the information was not confirmed.  Two police cars drove toward the intersection of 25th and Harlan Streets to investigate.

Defendant Police Officers Mirabella and McCabe were the first to arrive.  While the officers saw men in front of the restaurant and observed no criminal activity, they questioned the men.  Allen, who was among the group, began to walk toward the back.  Officer McCabe, saying "hey," approached Allen.  Allen stopped briefly and then began to run east on Harlan Street.

Officers Cecle and Rice were in the second car. They were turning their police SUV west onto Harlan Street right around the time Allen began to run east. They saw Allen running toward them with Officer McCabe on foot behind him. The three officers apprehended and searched Allen. A loaded 9-millimeter Glock 19 handgun was tucked into his waistband and marijuana was found in his pocket. The officers arrested him.[4]

The following day, on February 25, 2017, Allen attended a preliminary arraignment before Philadelphia Arraignment Court Magistrate Jane M. Rice on charges of: (1) "Persons not to Possess, Use, Manufacture, Control, Sell or Transfer Firearms"; (2) "Firearms Not to be Carried without a License"; (3) "Carrying Firearms on Public Streets or Public Property in Philadelphia"; and (4) possession of a small amount of marijuana. Magistrate Rice detained Allen, who was unable to make bail in the amount of 10% of $150,000. At a preliminary hearing on March 13, 2017, Philadelphia Municipal Court Judge Joffie C. Pittman held Allen over for trial in the Court of Common Pleas of Philadelphia County. Allen was formally arraigned on March 27, 2017.

---

4. Allen and the defendants dispute many of the events which surround his arrest. These disputes are immaterial to our analysis.

Allen moved to suppress the gun, ammunition and marijuana before his trial. Common Pleas Judge Roxanne E. Covington held two hearings on the motion on October 17 and October 19, 2017. Officers Mirabella and Celce testified at the hearing as to the events which surrounded Allen's arrest. Allen offered the testimony of Anthony Goodwin who witnessed Allen's arrest and the events that led up to it. Officer McCabe who approached Allen in front of the Chinese restaurant did not testify.

At the hearing, Goodwin's account of events largely contradicted that of Officers Mirabella and Celce. Judge Covington credited Goodwin's testimony and discredited that of Officers Mirabella and Celce. Finding there was no reasonable suspicion for Officer McCabe to stop Allen in front of the Chinese restaurant, the judge granted the motion. The Commonwealth of Pennsylvania subsequently moved for entry of a nolle prosequi dismissing all charges. On November 20, 2017, Judge Covington granted the nolle prosequi, and Allen was released after a nine-month pretrial detention. He filed this action on March 13, 2019.

III

Defendants argue that Allen's Section 1983 claims for false arrest, excessive force, false imprisonment, and civil conspiracy are barred by the applicable statute of limitations.[5]

Section 1983 does not specify a limitations period. See 42 U.S.C. § 1983.[6] The statute of limitations for Section 1983 claims is that of the most analogous state-law tort claim. Wilson v. Garcia, 471 U.S. 261, 276 (1985). Allen characterizes his Fourth Amendment claims as false arrest, excessive force, and false imprisonment and alleges conspiracy in connection with these claims. He supports these claims with the same factual allegations that support his Pennsylvania false arrest, excessive force, false imprisonment, and civil conspiracy

---

5. Defendants also argue that plaintiff's claims against the City of Philadelphia fail under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978), because he has not produced evidence that the City had a policy or custom which resulted in the violation of his civil rights. Since we are dismissing all of Allen's federal civil rights claims on other grounds, we need not discuss Monell.

6. 42 U.S.C. § 1983 in relevant part provides:

> Every person who, under color of [state law], subjects, [] any citizen of the United States [] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action [] for redress. . . .

claims. Therefore, we apply the two-year statute of limitations set out for such claims under 42 Pa.C.S. § 5524(1).[7]

Section 1983 false arrest and false imprisonment claims accrue when the claimant is detained pursuant to legal process. Wallace v. Kato, 549 U.S. 384, 389 (2007). Detention pursuant to legal process occurs when, for example, the claimant "is bound over by a magistrate or arraigned on charges." Id. As noted, Allen was arrested on February 24, 2017. He attended his preliminary arraignment before Magistrate Rice on February 25, 2017. Following Wallace, our Court of Appeals has held that a preliminary arraignment in Pennsylvania connotes legal process.[8] McCracken v. Wells Fargo Bank NA, 634 F. App'x 75, 79 (3d Cir. 2015). A claim for excessive force clearly accrues when the force is applied. Therefore, Allen's § 1983 claims for

---

7. The statute specifically references false arrest and false imprisonment. It also references assault and battery, which is analogous to excessive force. The statute of limitations for a civil conspiracy claim under Pennsylvania law is that for the underlying action which forms the basis of the conspiracy. Kingston Coal Co. v. Felton Mining Co., 690 A.2d 284, 287 n. 1 (Pa. 1997); see also Sabella v. Appalachian Development Corp., 103 A.3d 83, 92 (Pa. Super. 2014).

8. In Philadelphia, a criminal defendant appears first for a preliminary arraignment before an Arraignment Court Magistrate on or about the day he or she is arrested. See Phila. M.C.R. Crim. P., A.C.M., Sec. 540. If there was no warrant issued for the arrest and the defendant is to be detained pretrial, the Arraignment Court Magistrate must make an initial determination as to whether probable cause existed for the arrest. Pa. R. Crim. P. 540.

false arrest and false imprisonment accrued on February 25, 2017. His § 1983 claim for excessive force accrued on February 24, 2017 when he had his encounter with the police.

Federal civil conspiracy claims related to false arrest, excessive force, and false imprisonment begin to run when the underlying claims accrue.[9] Jones v. Middletown Twp., 253 F. App'x 184, 187 (3d Cir. 2007). "[T]ime-barred claims cannot be resurrected by being aggregated and labeled 'continuing violations' under a theory of conspiracy." Id. (citation omitted). Therefore, the statute of limitations for Allen's federal civil conspiracy claims related to his false arrest and false imprisonment began to run on February 25, 2017. His federal civil conspiracy claim related to excessive force accrued on February 24, 2017.

Allen commenced this action on March 13, 2019 which is more than two years after he was arrested on February 24, 2017 and detained pursuant to legal process on February 25, 2017.

---

9.  42 U.S.C. § 1985 in relevant part provides:

>   If two or more persons . . . conspire . . . for the purpose of depriving . . . any person . . . of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured . . . may have an action for the recovery of damages . . . against any one or more of the conspirators.

The time for bringing his federal claims for false arrest, excessive force, false imprisonment, and civil conspiracy had therefore expired. For this reason, we will grant summary judgment in favor of the defendants on all of Allen's federal claims. Allen's summary judgment motion will be denied with respect to these claims.

IV

Defendants argue that they are entitled to summary judgment on Allen's § 1983 claim for malicious prosecution because he is not innocent of the underlying charges.

To succeed on a claim for malicious prosecution under § 1983 a claimant must prove:

> (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003). The claimant must also establish that he is innocent of the crime charged in the criminal proceeding. Hector v. Watt, 235 F.3d 154, 156 (3d Cir. 2000).

Allen has not come forward with any evidence of his innocence. To the contrary, Allen admits that he possessed a

-9-

firearm and marijuana when he was arrested.  He also admits that he was a convicted felon at the time.  Allen appears instead to rely on Judge Covington's grant of nolle prosequi after she suppressed the gun, ammunition, and marijuana.

A judge's decision to grant a nolle prosequi after suppressing evidence does not signify innocence.  See Heidelberg v. City of Erie Police Dep't, Civil Action No. 14-0116, 2015 WL 1431058, at *4 (W.D. Pa. Mar. 27, 2015).  It signifies only that the prosecution decided not to proceed after certain evidence was suppressed.  Id.

For this reason, we will grant summary judgment in favor of the defendants on Allen's § 1983 claim for malicious prosecution.  Allen's summary judgment motion will be denied with respect to this claim.

Defendants argue that if summary judgment is granted on Allen's § 1983 claim for malicious prosecution, they are also entitled to summary judgment on Allen's related federal claim for civil conspiracy.  To succeed on a federal claim for civil conspiracy, a claimant must prove that persons acting under the color of state law conspired to deprive him or her of a federal protected right.  Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 254 (3d Cir. 1999).  A claimant cannot succeed on a federal claim for civil conspiracy if the underlying civil rights claims are dismissed.  See Ashton v. City of Uniontown,

-10-

459 F. App'x 185, 191 (3d Cir. 2012). Because we are dismissing Allen's § 1983 claims for malicious prosecution, no underlying claim remains to support his claim for civil conspiracy.

Therefore, we will grant summary judgment in favor of the defendants on Allen's federal civil conspiracy claim. Allen's summary judgment motion will be denied with respect to this claim.

V

Defendants also argue that Allen's supplemental state law claims for false arrest, excessive force, and false imprisonment are barred by the applicable statute of limitations.

As noted, a claimant alleging these three causes of action must bring them within two years in Pennsylvania. 42 Pa.C.S. § 5524(1). The limitations period for false arrest and false imprisonment claims under Pennsylvania law begins to run on the date of the alleged unlawful arrest. Thomas-Warner v. City of Philadelphia, Civil Action No. 11-5854, 2011 WL 6371898, at *5 (E.D. Pa. Dec. 20, 2011); Moore v. McComsey, 459 A.2d 841, 843 (Pa. Super. 1983). The claim of excessive force, of course, accrues when the excessive force is applied.

Allen was arrested on February 24, 2017. Therefore, his Pennsylvania claims for false arrest and false imprisonment accrued on that date, and thus the limitations period expired

before he filed this action on March 13, 2019. For this reason, we will grant summary judgment in favor of the defendants on Allen's Pennsylvania claims for false arrest, excessive force and false imprisonment. Allen's summary judgment motion will be denied with respect to these claims.

VI

There remain Allen's claims under Pennsylvania law for malicious prosecution and civil conspiracy related to his claims for false arrest, excessive force, and false imprisonment. These claims raise complex issues of state law. For this reason and because all claims over which this court has original jurisdiction have been resolved against the plaintiff, we decline to exercise jurisdiction over these remaining claims. See 28 U.S.C. § 1367(c)(1) and (3). They will be dismissed without prejudice.